**UNITED STATES of America, Appellee,**

v.

**Lloyd Braxton BURGESS, Appellant.**

**No. 12311.**

United States Court of Appeals Fourth Circuit.

Oct. 11, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 633.

laws relating to whiskey. We find no merit in the appeal and affirm the conviction.

Pursuant to information received from a confidential informer, revenue agents established a surveillance of the defendant's home. They observed the defendant and another remove from a pickup truck a cardboard container of the kind used in the transportation of illegal whiskey in half-gallon containers. They listened as they heard sounds which they believed to be the closing of the trunk of an automobile, the closing of two of its doors and the starting of its engine, all but the front end of a blue 1956 Dodge being concealed from their view. Presently, and at the time indicated by the confidential information they had received, the defendant with his companion drove out of his yard in the blue 1956 Dodge and turned in the direction of Durham, North Carolina.

The Dodge was stopped; its occupants arrested, and the search of the trunk disclosed the carton containing half-gallon jars of illegal whiskey, while one pint of the whiskey was in the passenger compartment.

Clearly the officers had probable cause to believe an offense was being committed. They knew the defendant had been in the whiskey business and their general observation of the loading of the cardboard carton, of the type with which they were familiar, furnished probable cause to believe that it contained whiskey and that it was being transported in the Dodge automobile.

The existence of probable cause for the arrest and the incidental search was not dependent upon the previously established reliability of the confidential informant. If the information had come from an anonymous phone call and merely occasioned the surveillance, it would have acquired reliability by the observations of the officers, and what they observed justified the arrest. Under the circumstances, the District Court quite properly refused the demand of the de-

Irvin B. Tucker, Jr., Raleigh, N. C., on briefs, for appellant.

William H. Murdock, U. S. Atty., on briefs, for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for offenses under the Internal Revenue

fense that the confidential informer be identified and his veracity and reliability tested under cross examination of the testifying officer.

Affirmed.