**UNITED STATES of America,**
**Appellee,**

v.

**Ted Melvin BAUGUESS, Appellant.**

**No. 13570.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 6, 1969.

Decided Dec. 4, 1969.

Raymond D. Thomas, Kernersville, N. C. (Court-appointed counsel) for appellant.

William L. Osteen, U. S. Atty., (Richard M. Dailey, Jr., Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and WIDENER, District Judge.

PER CURIAM:

Appellant, Bauguess, appeals from his conviction by the district court, without a jury, on two counts charging him with the possession and sale of nontaxpaid distilled spirits in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1).

On appeal Bauguess initially raised two issues: (1) that the requirement of 26 U.S.C. § 5205(a) (2) that he purchase and affix tax stamps to distilled spirits violated his fifth amendment rights against self-incrimination; and (2) that the Government failed to prove beyond a reasonable doubt that he possessed and sold distilled spirits in violation of statute.

At oral argument counsel frankly admitted that the first claim relating to the violation of fifth amendment rights had been foreclosed by our decision in United States v. Walden, 411 F.2d 1109 (4 Cir. June 10, 1969).

Bauguess' second claim, that the evidence did not establish that he pos-

sessed and sold distilled spirits, centers specifically on his allegation that the Government did not prove that the containers purchased from Bauguess contained distilled spirits. Throughout the trial the witnesses, the district attorney, the defense attorney, and the court referred to the contents of the containers as "whiskey," "liquor," or "nontaxpaid whiskey." Although the precise term, "distilled spirits," used in the statute was not used during the trial, the terms which were used have been held to be the equivalent of the statutory term.[1] The undercover agent who made the purchases from Bauguess testified that he had smelled the liquid and that it appeared to be intoxicating. There was also evidence that other officers made a check and found the contents of the containers to be nontaxpaid whiskey. We find the challenge to the sufficiency of the evidence to be without merit.

Affirmed.

---

1. United States v. Walsh, 409 F.2d 9 (4 Cir. 1969) ; United States v. Bauguess, 408 F.2d 498 (4 Cir. 1969) ; United States v. Burgess, 402 F.2d 85 (4 Cir. 1968).